## Kalix v. Kalix

*Lee David Moses,* for plaintiff.
*Debbie O'Dell,* for defendant.

FRANKS, *J.,* February 27, 1985—Edward L. Kalix, plaintiff herein, filed the instant divorce action against his wife, Sandra Lee Kalix, defendant herein, on April 6, 1983. Following numerous hearings in the courts of this county, defendant filed, and obtained a divorce decree, through the courts of

the Dominican Republic on June 14, 1984. We have before us for a determination the validity of the Dominican Republic divorce pursuant to a motion for rule to show cause presented by defendant. After consideration of the facts as adduced at two hearings on this issue and careful consideration of the applicable law, we hold that plaintiff's Dominican Republic divorce is invalid and will not be recognized by this court.

At the hearings it was revealed that neither plaintiff nor defendant appeared for any proceedings in the Dominican Republic. Furthermore, it is undisputed that neither party is or was ever a resident or domiciliary of the Dominican Republic and that both have at all pertinent times been residents of this Commonwealth. Mr. Kalix testified that he never intended to take up residence or domicile in the Dominican Republic. He said he paid a New York attorney $700 to get him the divorce because things were at a standstill here.

In addition, Mrs. Kalix had no notice or knowledge of the foreign divorce action until on or about April 7, 1984, when she received a letter in Spanish from the office of the Dominican Republic Consulate in Philadelphia advising her that she could obtain her divorce papers at that office. Mr. Kalix admitted that even though he visited with the children during the pending foreign divorce action, he did not discuss the matter with Mrs. Kalix or with the children and did not request his local counsel to inform her. Mr. Kalix was always aware of his wife's whereabouts. Following this foreign divorce, plaintiff did nothing to discontinue the present action or to resolve any of the pending claims. However, he did remarry in another county — one different from the county where he obtained his license to marry.

Although there is a rebuttable presumption as to the validity of a divorce obtained in a foreign jurisdiction, the burden is upon the party attacking the divorce to prove its invalidity. Commonwealth ex rel. McVay v. McVay, 383 Pa. 70, 118 A.2d 144 (1955), cert. denied, 350 U.S. 995 (1956). Moreover, the validity of a foreign divorce decree may be collaterally attacked in a proper proceeding. Watson v. Wason, 243 Pa.Super. 23, 364 A.2d 431 (1976).

Under the law, in order for a divorce from a foreign country to be recognized and enforced in this country because of comity between nations, the party obtaining the divorce must have resided in the foreign country for the minimum period of time as determined by the local authority "and that the' residency be accompanied by 'domiciliary jurisdiction' i.e., an intent to remain in the foreign jurisdiction." Sargent v. Sargent, 225 Pa.Super. 1, 5, 307 A.2d 353, 356 (1973). Our research of the domicile requirements under Dominican Republic divorce law indicates that for a party to be domiciled there means that he or she must have bona fide residence in the Dominican Republic. No specific length of time is required.

The testimony revealed that plaintiff did not have a bona fide residence in the Dominican Republic. In fact, he had no residency in that nation other than a "proxy" representative. Residency is a jurisdictional requirement that absolutely cannot be waived by the acts of the parties. Yohey v. Yohey, 205 Pa.Super. 329, 208 A.2d 902 (1965). Since the minimum jurisdictional requirement of the Dominican Republic has not even colorably been met, the foreign divorce must of necessity be considered void on this basis alone.

Additionally, the attempt to keep the foreign divorce proceedings a secret from the wife obviously

strikes the face of due process and common decency. Mrs. Kalix was not even afforded the opportunity to reply to the Dominican Republic divorce proceedings. Under the facts of this case, this unilateral action on plaintiff's part cannot be condoned. Lack of notice to Mrs. Kalix is fatal to the foreign divorce obtained by Mr. Kalix.

## ORDER

The divorce obtained by Edward L. Kalix against Sandra Lee Kalix in the Dominican Republic is invalid and of no force and effect for lack of forum jurisdiction and notice to defendant of the pending foreign divorce action. Defendant's rule to show cause is made absolute.